## IN RE Cleo BUSTAMANTE, Jr.

### No. 04–16–00333–CV

Court of Appeals of Texas,
San Antonio.

Delivered and Filed: November 23, 2016

Grant E. Adami, III, Paul D. Huckabay, Adami, Shuffield, Scheihing & Burns, P.C., San Antonio, TX, Sean Higgins, Wilson, Elser, Moskowitz, Edelman & Dicker, LLP, Houston, TX, for Appellant.

Daniel Dutko, Hanszen Laporte, Houston, TX, Jose J. Ruiz, Ruiz, Ritchie & Flores, P.C., Eagle Pass, TX, for Appellee.

Sitting en banc: Sandee Bryan Marion, Chief Justice, Karen Angelini, Justice, Marialyn Barnard, Justice, Rebeca C. Martinez, Justice, Patricia O. Alvarez, Justice, Luz Elena D. Chapa, Justice, Jason Pulliam, Justice

## OPINION

Opinion by: Marialyn Barnard, Justice

Relator, Cleo Bustamante, Jr., filed this petition for writ of mandamus complaining the trial court erred by: (1) refusing to rule on his motion for summary judgment; and (2) denying his motion for leave to designate responsible third parties. We hold the trial court clearly abused its discretion by denying the motion for leave to designate responsible third parties and an appeal does not provide an adequate remedy for this error. Therefore, we conditionally grant mandamus on this issue. We do not reach the complaint regarding the motion for summary judgment.

## BACKGROUND

On September 22, 2010, Roberto Fernandez, while in the course and scope of his employment for Cleo Bustamante Enterprises, Inc. ("CBE"), was injured when a vehicle driven by Irasma Estrada Riojas struck him and pinned him against the wall of the Cleo Convenience Center where Fernandez worked. On September 21, 2012, one day before the statute of limitations expired, Fernandez and his wife filed suit against a number of defendants, including Bustamante, but did not sue either Riojas, with whom Fernandez had settled, or CBE, through whom Fernandez had received workers' compensation.[2] On October 4, 2012, Bustamante answered with a general denial.

On October 26, 2015, Bustamante filed a motion for leave to designate Riojas and CBE as responsible third parties pursuant to section 33.004 of the Texas Civil Practice and Remedies Code. The Fernandezes filed an objection to the motion for leave on November 10, 2015. In their objection, the Fernandezes argued that the motion should be denied because it was filed after the statute of limitations had expired and because Bustamante had failed to timely

2. Prior to suit, Fernandez settled his claim against Riojas and the owner of the vehicle Riojas was driving for $300,000.00.

disclose that CBE or Riojas were potential responsible third parties.

The motion for leave was heard on April 20, 2016. At the hearing, the Fernandezes argued that Bustamante had not disclosed CBE and Riojas as potential responsible third parties in response to the Fernandezes' requests for disclosure; therefore, Bustamante was barred from designating them as responsible third parties. Bustamante pointed out the Fernandezes were already aware of the existence and potential liability of CBE and Riojas. Bustamante further argued the purpose of disclosure in regards to the designation of responsible third parties is to allow plaintiffs an opportunity to sue third parties before limitations expire, and this purpose was obviated because the statute of limitations expired the day after the Fernandezes filed suit. Because the Fernandezes did not file suit until the day before the statute of limitations expired, Bustamante contends he could not have timely disclosed any potential responsible third parties and, due to this impossibility, Bustamante had no duty to timely disclose potential responsible third parties. The trial court denied Bustamante's motion for leave, and this mandamus ensued.

## MANDAMUS STANDARD

■ Mandamus relief is an extraordinary remedy and will issue only to correct a clear abuse of discretion when there is no adequate remedy by appeal. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992) (orig. proceeding). A trial court abuses its discretion when it reaches a decision so arbitrary and unreasonable that it constitutes a clear and prejudicial error of law, or if it clearly fails to correctly analyze or apply the law. *In re Cerberus*

*Capital Mgmt., L.P.*, 164 S.W.3d 379, 382 (Tex. 2005) (orig. proceeding); *Walker*, 827 S.W.2d at 840. A trial court has no discretion in determining what the law is or applying the law to the facts, even when the law is unsettled. *Prudential*, 148 S.W.3d at 135.

## DID THE TRIAL COURT ABUSE ITS DISCRETION?

We first consider whether the trial court abused its discretion by denying the motion for leave to designate Riojas and CBE as responsible third parties. To do this, we must determine if the motion for leave to designate was timely filed and, if so, was there a reason for the trial court to deny the motion.

### A. Timely Designating Responsible Third Parties

■ The designation of responsible third parties is governed by Chapter 33 of the Texas Civil Practice and Remedies Code. TEX. CIV. PRAC. & REM. CODE. ANN. §§ 33.001–33.017 (West 2015). A defendant in a tort claim may designate as a responsible third party "any person who is alleged to have caused or contributed to causing in any way the harm for which recovery of damages is sought, whether by negligent act or omission, by any defective or unreasonably dangerous product, by other conduct or activity that violates an applicable legal standard, or by any combination of these." TEX. CIV. PRAC. & REM. CODE ANN. § 33.011(6) (West 2015); *Galbraith Eng'g Consultants, Inc., v. Pochucha*, 290 S.W.3d 863, 868 (Tex. 2009). A motion for leave to designate "must be filed on or before the 60th day before the trial date unless the court finds good cause to allow the motion to be filed at a later date." TEX. CIV. PRAC. & REM. CODE ANN. § 33.004(a). Bustamante's motion for leave to designate responsible third parties was

filed prior to the 60th day before the trial date.

■ A defendant may not designate a person as a responsible third party after the statute of limitations has expired if the defendant failed to "comply with its obligations, if any, to timely disclose that the person may be designated as a responsible third party under the Texas Rules of Civil Procedure." TEX. CIV. PRAC. & REM. CODE ANN. § 33.004(d). The timeliness limitation on a defendant's ability to designate responsible third parties is a procedural safeguard designed to prevent a defendant from "'belatedly pointing its finger at a time-barred responsible third-party against whom the plaintiff has no possibility of recovery.'" *In re CVR Energy, Inc.*, No. 01–15–00877–CV, 500 S.W.3d 67, 2016 WL 3544883, at *3 (Tex. App.–Houston [1st Dist.] June 28, 2016, orig. proceeding) (op. on reh'g) (quoting *Withers v. Schneider Nat'l Carriers, Inc.*, 13 F.Supp.3d 686, 689 (E.D. Tex. 2014)). The statute does not, however, define the term "timely." The Fernandezes argue that, because Rule 194.2(*l*) includes the identity of a potential responsible third party as an item a party may request another party to disclose, "timely" refers to the time to respond to requests for disclosure under Texas Rule of Civil Procedure 194.3. Bustamante argues "timely" refers to a defendant's obligation to disclose a potential responsible third party before the expiration of the statute of limitations, if possible.

In the case now before this court, the Fernandezes filed suit the day before the limitations period expired, and included requests for disclosure with their petition. Under Texas Rule of Civil Procedure 194.3(a), Bustamante was required to respond to the requests for disclosure within fifty days of being served with the petition. TEX. R. CIV. P. 194.3(a). It is undisputed that Bustamante did not respond to the requests within fifty days of service. The Fernandezes argue Bustamante never responded and thus did not disclose the potential responsible third parties. However, Bustamante points to his responses to requests for disclosure propounded by a co-defendant, in which he listed Riojas as a potential responsible third party. Bustamante also testified in his deposition that Fernandez was employed by CBE, which leased the premises where the accident occurred, while Bustamante owned the premises. Bustamante further testified CBE was the general contractor for the design and construction of the building and parking lot at the premises where the accident occurred. Therefore, Bustamante argues, the Fernandezes were made aware of these potential responsible third parties. *See* TEX. R. CIV. P. 193.5(a)(2) (providing no duty to supplement discovery responses if additional information is made known to other parties "on the record at a deposition, or through other discovery responses").

The Fernandezes are, essentially, taking the position that a defendant loses the statutory right to designate responsible third parties if the defendant fails to respond to a request for disclosure of potential responsible third parties within the deadline contained in Rule 194.3. This is inconsistent with Texas Rule of Civil Procedure 193.6(a), which allows a party who fails to respond to discovery to introduce the undisclosed material or information into evidence if the party shows either (1) good cause existed for the failure to respond to the discovery or (2) the other party will not be unfairly surprised or unfairly prejudiced by the failure to timely respond. TEX. R. CIV. P. 193.6(a). To hold as the Fernandezes suggest would convert Rule 194.2(*l*) into a technical trap. A party who fails to timely respond to a request for disclosure of information regarding a per-

son who may be designated as a responsible third party would lose the statutory right to designate responsible third parties, while a party that fails to respond to a request for disclosure of the information required by rules 194.2 (a)–(k) would not face such a penalty. We do not read Section 33.004(d) so narrowly. Instead, we read section 33.004(d) to require a defendant to disclose a potential responsible third party before the expiration of the statute of limitations, if that is possible. In this case, Bustamante did not fail to comply with his obligation to timely disclose Riojas and CBE as potential responsible third parties because it was impossible for Bustamante to make a disclosure before the statute of limitations ran. The statute of limitations ran one day after this suit was filed. The Fernandezes knew Riojas and CBE were potential responsible third parties and, even if we indulge in the legal fiction that the Fernandezes did not know Riojas and CBE were potential responsible third parties, their existence was disclosed when Bustamante was deposed and responded to the co-defendant's requests for disclosure. Thus, we hold Bustamante complied "with [his] obligations, if any, to timely disclose that the person may be designated as a responsible third party under the Texas Rules of Civil Procedure." TEX. CIV. PRAC. & REM. CODE ANN. § 33.004(d).

## B. Denial of the Motion for Leave

■ Having determined that Bustamante complied with his obligation to timely disclose CBE and Riojas as responsible third parties, we now consider the grounds upon which a trial court may deny a motion for leave to designate. Once a motion for leave to designate responsible third parties is filed, a court shall grant leave to designate a named person as a responsible third party, unless a timely objection to the motion for leave is filed establishing "the defendant did not plead sufficient facts concerning the alleged responsibility of the person to satisfy the pleading requirements of the Texas Rules of Civil Procedure" and the defendant fails to plead sufficient facts after being given leave to replead. TEX. CIV. PRAC. & REM. CODE § 33.004(g) (West 2015). The Fernandezes did not contend, either in their written objection to Bustamante's motion, or at the hearing on the motion, that Bustamante failed to plead sufficient facts concerning CBE's and Riojas' alleged responsibility to satisfy the pleading requirements of the Texas Rules of Civil Procedure. A review of the motion shows that it satisfied the pleading requirements.

■ Texas follows a 'fair notice' standard for pleading. Low v. Henry, 221 S.W.3d 609, 612 (Tex. 2007); see also TEX. R. CIV. P. 47(a) (stating that pleading setting forth claim for relief must contain short statement of the cause of action sufficient to give fair notice of claim involved). A pleading is sufficient when "an opposing party can ascertain from the pleading the nature, basic issues, and the type of evidence that might be relevant to the controversy." Low, 221 S.W.3d at 612. Bustamante's motion for leave alleged that Riojas was the individual who struck Fernandez with her vehicle. The motion also alleged that CBE was the general contractor who hired the engineers and architects who prepared the plans for the buildings on the premises, was the general contractor for the construction of the buildings on the premises, and was thus responsible for any failings in the design and construction. These pleadings satisfy the requirements of the Texas Rules of Civil Procedure.

Section 33.004(g)(1) of the Civil Practice and Remedies Code unequivocally states that a court "shall" grant a motion for leave to designate a responsible third party unless an objecting party establishes

the defendant failed to plead sufficient facts to satisfy the pleading requirements of the Texas Rules of Civil Procedure. TEX. CIV. PRAC. & REM. CODE ANN. § 33.004(g)(1). The use of the word "shall" in a statute "imposes a duty." TEX. GOV'T CODE ANN. § 311.016(3) (West 2013), *see also Helena Chem. Co. v. Wilkins*, 47 S.W.3d 486, 493 (Tex. 2001) (noting "must" and "shall" generally recognized as "mandatory, creating a duty or obligation"). The Fernandezes did not allege, much less establish, that Bustamante failed to meet the pleading requirements referenced in section 33.004(g)(1). Thus, the trial court abused its discretion by denying Bustamante leave to designate CBE and Riojas as responsible third parties. We now consider whether Bustamante has an adequate remedy by appeal.

## No ADEQUATE REMEDY BY APPEAL

 This court has previously held that mandamus relief is not available for the denial of a motion for leave to designate a responsible third party because the moving party has an adequate remedy by appeal. *In re Taymax Fitness, LLC*, No. 04–14–00119–CV, 2014 WL 1831100 (Tex. App.–San Antonio May 7, 2014, orig. proceeding) (mem. op.); *See also In re Caterpillar, Inc.*, No. 04–09–00796–CV, 2009 WL 5062324 (Tex. App.–San Antonio Dec. 23, 2009, orig. proceeding) (mem. op.). However, we now revisit this issue and conclude the better approach to the erroneous denial of a motion for leave to designate a responsible third party is to recognize that an appeal is inadequate and mandamus relief is proper. With this decision, we bring this court in line with the majority of appellate courts in Texas and the Texas Supreme Court's guidance regarding the availability of mandamus relief.

In 2004, the Texas Supreme Court handed down *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124 (Tex. 2004) (orig. proceeding), in which the court "revisited the contours of mandamus relief." *In re J.B. Hunt Transport, Inc.*, 492 S.W.3d 287, 299 (Tex. 2016) (orig. proceeding). The court reiterated the requirements a relator must meet to qualify for mandamus relief: (1) a clear abuse of discretion; and (2) no adequate remedy by appeal. *Prudential* 148 S.W.3d at 135–36 (citing *Walker*, 827 S.W.3d at 840). The court then explained that in determining whether an adequate remedy by appeal exists, an appellate court must engage in the following balancing test:

The operative word, "adequate", has no comprehensive definition; it is simply a proxy for the careful balance of jurisprudential considerations that determine when appellate courts will use original mandamus proceedings to review the actions of lower courts. These considerations implicate both public and private interests. Mandamus review of incidental, interlocutory rulings by the trial courts unduly interferes with trial court proceedings, distracts appellate court attention to issues that are unimportant both to the ultimate disposition of the case at hand and to the uniform development of the law, and adds unproductively to the expense and delay of civil litigation. Mandamus review of significant rulings in exceptional cases may be essential to preserve important substantive and procedural rights from impairment or loss, allow the appellate courts to give needed and helpful direction to the law that would otherwise prove elusive in appeals from final judgments, and spare private parties and the public the time and money utterly wasted enduring eventual reversal of improperly conducted proceedings. An appellate remedy is "adequate" when any benefits to mandamus review are outweighed by

the detriments. When the benefits outweigh the detriments, appellate courts must consider whether the appellate remedy is adequate.

*Id.* at 136.

The determination of whether an adequate remedy by appeal is available is not "abstract or formulaic," but rather is a practical and prudential determination. *Id.* Flexibility is the principal virtue of mandamus relief and rigid rules are "necessarily inconsistent" with that flexibility. *Id.* Thus, the supreme court has held that "an appellate remedy is not inadequate merely because it may involve more expense or delay" than a writ of mandamus, however, the word "merely" must be carefully considered. *Id.* (quoting *Walker*, 827 S.W.2d at 842). For example, when an order skews the procedural dynamics of a case, a traditional appeal is inadequate and mandamus proper, even if the order would be subject to appeal at the conclusion of the case. *Id.* (citing *Travelers Indem. Co. v. Mayfield*, 923 S.W.2d 590, 595 (Tex. 1996)). Appeal is not an adequate remedy when the denial of mandamus relief would result in an "irreversible waste of judicial and public resources." *Id.* at 137 (quoting *In re Masonite Corp.*, 997 S.W.2d 194, 198 (Tex. 1999)). The decision whether there is an adequate remedy on appeal "depends heavily on the circumstances presented." *Id.* at 137. The decision is not confined to the private concerns of the parties but can extend to the impact on the legal system. *Id.* For example, the Texas Supreme Court has granted mandamus relief because the court "could not justify putting the civil justice system itself to the trouble of grinding through proceedings that were certain to be 'little more than a fiction.' " *Id.* (quoting *In re Masonite Corp.*, 997 S.W.2d at 198). The *Prudential* ruling, and the balancing of factors described therein, has resulted in mandamus relief being available in cases where an appeal was previously considered adequate. *See, e.g., In re J.B. Hunt Transport, Inc.*, 492 S.W.3d at 299–300.

A number of the intermediate courts of appeals have applied the *Prudential* standard to the question of whether an adequate remedy by appeal exists from a wrongful denial of a motion for leave to designate responsible third parties, and the majority of these courts hold no adequate remedy by appeal exists. *See e.g., In re CVR Energy, Inc.*, 500 S.W.3d at 83–84, 2016 WL 3544883, at *13; *In re Lewis Casing Crews, Inc.*, No 11–14–00137–CV, 2014 WL 3398170, at *3–5 (Tex. App.–Eastland, July 10, 2014, orig. proceeding) (mem. op.); *In re Altec Indus., Inc.*, No. 10–12–00207–CV, 2012 WL 2469542, at *2 (Tex. App.–Waco, June 22, 2012 orig. proceeding) (mem. op.); *In re Smith*, 366 S.W.3d 282, 288–89 (Tex. App.–Dallas 2012 orig. proceeding); *In re Brokers Logistics, Ltd*, 320 S.W.3d 402, 408–09 (Tex. App.–El Paso 2010, orig. proceeding).

Applying the *Prudential* balancing test to the case before us, we now overrule *Taymax* and join the majority of our sister courts and hold that there is no adequate remedy by appeal from the trial court's denial of Bustamante's timely motion for leave to designate responsible third parties.

## CONCLUSION

We conditionally grant a writ of mandamus in part. The trial court is directed to grant the motion for leave to designate responsible third parties. In his petition for writ of mandamus, Bustamante also complained the trial court failed to set his motion for summary judgment for hearing. Our disposition of Bustamante's issue regarding the designation of Riojas and CBE as responsible third parties changes the procedural status of the underlying cause

and the existing time available for the trial court to rule on Bustamante's motion for summary judgment before trial, therefore we do not address this issue.

Dissenting Opinion by: Rebeca C. Martinez, Justice, joined by Luz Elena D. Chapa, Justice

Dissenting Opinion by: Luz Elena D. Chapa, Justice

## DISSENTING OPINION

Rebeca C. Martinez, Justice

I dissent from the granting of en banc consideration. Rule 41.2(c) provides the legal standard for determining whether en banc consideration should be granted. Tex. R. App. P. 41.2(c). The rule provides, in relevant part:

(c) *En Banc Consideration Disfavored.* En banc consideration of a case is not favored and should not be ordered *unless necessary* to secure or maintain uniformity of the court's decisions or unless extraordinary circumstances require en banc consideration.

*Id.* (emphasis added). Here, the court's opinions in *Taymax* [2] and *Caterpillar,* [3] respectively, do not conflict with any prior precedent of this court or with this case. Nor did the panel majority in either opinion commit any error of such magnitude that it amounted to an "extraordinary circumstance" requiring en banc review.

To the contrary, it appears that the en banc majority here simply disagrees with the panel majority's holding in *Taymax* that mandamus relief was not warranted because the relators failed to establish the lack of an adequate remedy at law. 2014

WL 1831100, at *1. Such a disagreement, however, does not meet the elevated en banc standard:

The standard for en banc consideration is not whether a majority of the en banc court may disagree with all or a part of a panel opinion. Neither is an assertion that an issue is "important" sufficient. Rather, when there is no conflict among panel decisions, the existence of "extraordinary circumstances" is required before en banc consideration may be ordered.

*Fazio v. Cypress/GR Houston I, L.P.,* 403 S.W.3d 390, 411–12 (Tex. App.–Houston [1st Dist.] 2013, pet. denied) (Jennings, J., dissenting from granting of en banc consideration) (citing *Thompson v. State,* 89 S.W.3d 843, 856 (Tex. App.–Houston [1st Dist.] 2002, pet. ref'd) (Jennings, J., concurring in denial of en banc consideration)).

In *Taymax,* the panel majority denied mandamus relief because the *Taymax* relators "failed to establish the lack of an adequate remedy at law with respect to the trial court's denial of leave to designate Masaki as a responsible third party." 2014 WL 1831100, at *1; *see also In re Caterpillar,* 2009 WL 5062324, at *1. *Taymax* did not hold, as the en banc majority states, "that mandamus relief is not available for the denial of a motion for leave to designate a responsible third party because the moving party has an adequate remedy by appeal." *In re Bustamante,* No. 04–16–00333–CV, op. at 738 (Tex. App.–San Antonio Nov. 23, 2016, orig. proceeding). Every case is distinguishable by its own facts. *Compare In re Greyhound Lines, Inc.,* No. 05–13–01646–CV, 2014 WL 1022329, at *3–4 (Tex. App.–Dallas

---

2. *In re Taymax Fitness, LLC,* No. 04–14–00119–CV, 2014 WL 1831100 (Tex. App.–San Antonio May 7, 2014, orig. proceeding) (mem. op.).

3. *In re Caterpillar, Inc.,* No. 04–09–00796–CV, 2009 WL 5062324 (Tex. App.–San Antonio Dec. 23, 2009, orig. proceeding) (mem. op.).

Feb. 21, 2014, orig. proceeding) (mem. op.) ("On this record, in this case," defendant not already a defendant) *with Taymax,* 2014 WL 1831100, at *1 (Masaki already a named defendant), *and Bustamante,* No. 04–16–00333–CV, op. at 734–35 (responsible third parties not named as defendants when suit filed one day before limitations expired). As the en banc majority admits, "The decision whether there is an adequate remedy on appeal 'depends heavily on the circumstances presented.'" *In re Bustamante,* No. 04–16–00333–CV, op. at 739 (quoting *In re Prudential Ins. Co. of Am.,* 148 S.W.3d 124, 137 (Tex. 2004) (orig. proceeding)). Neither *Taymax* nor *Bustamante* hold that no adequate relief by appeal is ever available from the denial of a motion to designate responsible third parties. If *Bustamante* is intended to so hold, such is a determination yet made by a higher court, and nothing in *Prudential* suggests an appeal from the denial of a timely motion for leave to designate responsible third parties is always inadequate. None of our sister courts presume to so hold, and neither should this court.

Thus, because there is neither a conflict between panel decisions nor the existence of "extraordinary circumstances" requiring en banc consideration, I therefore dissent from the granting of en banc consideration.

## DISSENTING OPINION

Luz Elena D. Chapa, Justice

I respectfully dissent.[2] The majority adopts a new, rigid rule regarding motions for leave to designate responsible third parties (RTP motions) that is directly contrary to *In re Prudential Insurance Company of America,* 148 S.W.3d 124 (Tex. 2004). In *Prudential,* the Supreme Court of Texas required that we conduct a case-by-case benefits-and-detriments analysis and not adopt rigid rules to determine whether an appeal is an inadequate remedy. *See id.* at 136; *see also In re H.E.B. Grocery Co.,* 492 S.W.3d 300, 304 (Tex. 2016) (orig. proceeding) (per curiam); *In re Reece,* 341 S.W.3d 360, 374 (Tex. 2011) (orig. proceeding); *In re McAllen Med. Ctr., Inc.,* 275 S.W.3d 458, 464 (Tex. 2008) (orig. proceeding). However, the majority adopts a rule that an appeal is always an inadequate remedy for the denial of an RTP motion. Because this rule does not allow us to consider the circumstances of this case or the circumstances of future cases, the majority's rule is rigid and "necessarily inconsistent with the flexibility that is the remedy's principle." *See Prudential,* 148 S.W.3d at 136.

I would deny mandamus relief regarding Relator's RTP motion because Relator has failed to demonstrate this is an extraordinary case justifying the extraordinary relief of mandamus. Relator has not presented a mandamus record demonstrating that—under the circumstances presented in this case—the benefits of mandamus relief outweigh the detriments. Contrary to *Prudential,* the majority does not conduct a case-specific benefits-and-detriments analysis or consider whether Relator has presented a mandamus record showing that an appeal is an inadequate remedy. As a result, the majority overlooks that: (1) there is still a motion for summary judgment pending and this case might not even go to trial; and (2) this case is a relatively straightforward person-

---

2. I also agree with Justice Martinez's dissenting opinion. This case does not merit the resources of the *en banc* court. *See* Tex. R. App. P. 41.2(c). No party to this proceeding has asked us to overrule any of our prior cases or

presented any arguments in support of us doing so. *Sua sponte* overruling prior cases unnecessarily raises "efficiency, fairness, and legitimacy" concerns. *See Sw. Bell Tel. Co. v. Mitchell,* 276 S.W.3d 443, 447 (Tex. 2008).

al injury case. I believe the majority sets the bar too low for appellate courts to continue calling mandamus an extraordinary writ.

### The Majority Adopts a New Minority Rule

The majority cites numerous cases addressing whether an appeal is an inadequate remedy to correct the erroneous denial of an RTP motion. The majority characterizes these cases as a split of authority, and suggests other courts hold either (1) an appeal is always inadequate or (2) an appeal is never inadequate. The majority expressly adopts a rule that an appeal will always be an inadequate remedy for the erroneous denial of an RTP motion.

Discussing the same cases that the majority cites, one of our sister courts has concluded there is no split of authority because other courts consistently apply *Prudential*'s balancing test on a case-by-case basis. *In re CVR Energy, Inc.*, No. 01–15–00877–CV, 500 S.W.3d 67, 2016 WL 3544883, at *10–12 (Tex. App.–Houston [1st Dist.] June 28, 2016, orig. proceeding [mand. filed] ) (op. on reh'g). As the *CVR Energy* court explained, the cases reach different outcomes as to whether an appeal is an inadequate remedy because "[e]ach accumulation of circumstances in the cases presented for mandamus review presents a different balance of factors." *Id.* As suggested by the *CVR Energy* court's analysis, no other court of appeals has adopted the majority's rigid rule that an appeal will always be an inadequate remedy for the erroneous denial of an RTP motion. *See id.* I respectfully disagree with the majority's suggestion that all cases in which a trial court erroneously denies an RTP motion are the same. *See id.*

By adopting the rigid "appeal will always be inadequate" rule, the majority has created a new, minority rule. *See id.* This rule does not allow us to consider the circumstances presented in this case or in future cases, which deprives this court of the "flexibility that is the remedy's principle." *See Prudential*, 148 S.W.3d at 136. In determining whether there is an adequate remedy by appeal for the erroneous denial of an RTP motion, we must follow *Prudential* and consider the benefits and detriments of granting mandamus relief based on the mandamus record Relator has presented. *See id.*; *see also* TEX. R. APP. P. 52.7; *In re Woodfill*, 470 S.W.3d 473, 475 (Tex. 2015) (orig. proceeding) (per curiam); *Prudential*, 148 S.W.3d at 135–36; *Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992) (orig. proceeding) (explaining relators "had the burden of providing this Court with a sufficient record to establish their right to mandamus relief.").

### Benefits-and-Detriments Analysis

I would hold the mandamus record in this particular case does not show that the benefits of mandamus relief outweigh the detriments. The three considerations courts generally cite when granting mandamus relief to correct the erroneous denial of an RTP motion are:

(1) denial of the right to designate responsible third parties would skew the proceedings, potentially affect the outcome of the litigation, and compromise the presentation of [the relator's] defense in ways unlikely to be apparent in the appellate record;

(2) there would be a substantial waste of time and money to proceed to trial without error correction; and

(3) review would allow appellate courts to offer needed and helpful direction to the law that would otherwise prove elusive in appeals from final judgments.

*See CVR Energy*, 500 S.W.3d at 81–82, 2016 WL 3544883, at *11–12 (footnotes and internal quotation marks omitted). A relator has the burden to present a mandamus record showing that granting mandamus to correct an erroneous denial of an RTP motion would likely achieve such benefits and outweigh the detriments in that particular case. *See id.; see also* Tex. R. App. P. 52.7; *H.E.B.*, 492 S.W.3d at 304; *Woodfill*, 470 S.W.3d at 475; *Reece*, 341 S.W.3d at 374; *McAllen*, 275 S.W.3d at 464; *Prudential*, 148 S.W.3d at 135–36; *Walker*, 827 S.W.2d at 837; *In re Ferguson*, 445 S.W.3d 270, 277 (Tex. App.–Houston [1st Dist.] 2013, orig. proceeding [mand. dism'd] ).

**1. Does the mandamus record show the denial of Relator's RTP motion will skew the proceedings, affect the outcome, and compromise Relator's defense in ways unlikely to be apparent in the appellate record?**

These considerations were first raised in *Jones v. Ray*, 886 S.W.2d 817, 822 (Tex. App.–Houston [1st Dist.] 1994, orig. proceeding) (op. on reh'g). In *Jones*, the court held an appeal was inadequate to correct a Harris County trial court's erroneous order severing claims against 18 of 31 defendants and transferring claims against those 18 defendants to Lubbock County for a separate proceeding. *Id.* at 817–23. The court's concern was having parallel proceedings that would allow the defendants in both proceedings to "introduce the 'empty chair defense.'" *Id.* at 822.

Although *Jones* did not involve an RTP motion, another court quoted *Jones*'s concerns when a party sought mandamus relief for a trial court's denial of an RTP motion. *In re Arthur Andersen LLP*, 121 S.W.3d 471, 485–86 (Tex. App.–Houston [14th Dist.] 2003, orig. proceeding [mand. denied] ). Before emphasizing the enormity and complexity of the case, which involved several complex transactions relating to the Enron collapse, the *Arthur Anderson* court briefly suggested *Jones*'s concerns were equally applicable in the RTP context. *Id.*

The *Arthur Anderson* court applied the original RTP statute that appeared to be a joinder-of-parties statute that arguably presented an issue similar to severance of parties. *See id.* But the denial of an RTP motion does not create parallel proceedings, introduce an "empty chair defense" in each of the separate proceedings, or inherently present concerns about the appellate record, as did the severance and transfer orders in *Jones*.

And contrary to the *Arthur Anderson* court's hypothesis, appellants have had no difficulty proving harm from the appellate record in an ordinary appeal when the trial court deprived them of their statutory right to have the jury determine the responsibility of third parties and settling persons.[3] The harm standard for the erroneous denial of an RTP motion is a standard analogous to the not-so-unfamiliar harm standard for charge error. *ExxonMobil Corp. v. Pagayon*, 467 S.W.3d 36, 54 (Tex. App.–Houston [14th Dist.] 2015, pet. granted). This harm standard requires a

---

**3.** Courts of appeals have held, in ordinary appeals, that the denial of an RTP motion was harmful. *See, e.g., ExxonMobil Corp. v. Pagayon*, 467 S.W.3d 36, 54 (Tex. App.–Houston [14th Dist.] 2015, pet. granted); *Sun Dev., L.P. v. Hughes*, No. 09–12–00524–CV, 2014 WL 4755467, at *13 (Tex. App.–Beaumont Sept. 25, 2014, pet. denied) (mem. op.); *Jan-*

*ga v. Colombrito*, 358 S.W.3d 403, 413 (Tex. App.–Dallas 2011, no pet.); *MCI Sales & Serv., Inc. v. Hinton*, 272 S.W.3d 17, 35–43 (Tex. App.–Waco 2008), *aff'd*, 329 S.W.3d 475 (Tex. 2010); *Olympic Arms, Inc. v. Green*, 176 S.W.3d 567, 576 (Tex. App.–Houston [1st Dist.] 2004, no pet.).

court of appeals to examine the whole record to determine whether third party liability was a contested, critical issue. *See id.* This harm standard generally does not present extraordinary difficulties for appellants.

The *CVR Energy* court provided the most in-depth explanation of how the denial of an RTP motion might compromise a defense in ways unlikely to be apparent in the appellate record:

> [The alleged responsible third party]'s exclusion might affect the relevance and admissibility of evidence concerning its liability, making it more difficult for [the movant] to identify, post-trial, proof that the jury would have attributed responsibility to [the third party] had it been permitted to do so.

*CVR Energy*, 500 S.W.3d at 83, 2016 WL 3544883, at *12. It appears this explanation does not adequately account for the movant's ability to make an offer of proof or bill of exception when the trial court excludes evidence. *See* Tex. R. App. P. 33.2; Tex. R. Evid. 103(a)(2); *In re Estate of Miller*, 243 S.W.3d 831, 837 (Tex. App.–Dallas 2008, no pet.).

Here, Relator argues the benefits of granting mandamus include: (1) not "skewing the proceedings"; (2) preventing a waste of time and money enduring reversal of an improperly conducted trial; (3) protecting Relator's statutory right to have the jury evaluate the responsibility of responsible third parties; and (4) protecting Relator's ability to appeal because "harm [is] unlikely to appear in the appellate record." Relator has not explained how the trial court's denial of his RTP motion in this particular case would likely "compromise the presentation of [his] defense in ways unlikely to be apparent in the appellate record." *See In re Brokers Logistics, Ltd.*, 320 S.W.3d 402, 408 (Tex. App.–El Paso 2010, orig. proceeding). Just

like appellants in many other cases, Relator has an adequate remedy by appeal of the trial court's denial of his RTP motion after a final judgment and could vindicate his statutory right to have one jury apportion responsibility as per the current RTP statute in a remand for a new trial. *See* Tex. R. App. P. 43.3.

Furthermore, the mandamus record shows the underlying case was filed in 2012, Relator filed his RTP motion on October 23, 2015, and trial was set to commence on June 13, 2016. Relator has not argued or explained how the trial court's ruling would "skew" or affect any proceeding other than the trial. Thus, Relator's remaining arguments address the second concern cited by courts in RTP cases: the possibility of a wasted trial.

**2. Will proceeding to trial without error correction waste a substantial amount of time and money?**

Relator's arguments posit, in essence, that mandamus is beneficial to avoid a wasted trial. But because it is undisputed there is a pending motion for summary judgment, this case might not even go to trial to determine Relator's liability. This case is therefore distinguishable from *Brokers Logistics* because, there, the court had already determined there was a fact issue regarding the relator's liability to be resolved in a jury trial. *See* 320 S.W.3d at 408. Here, it is speculative that the trial court will deny Relator's motion for summary judgment. And even if the case did proceed to a jury trial on Relator's liability, Relator further assumes the jury will find him liable, which the mandamus record shows is also speculative.

Assuming the case proceeds to trial, Relator is found liable, the jury awards more damages against Relator than it would have with the proper jury charge, and the case is reversed and remanded for a new trial, the additional cost and delay result-

ing from a skewed and wasted trial does not necessarily make an appeal an inadequate remedy. *See McAllen*, 275 S.W.3d at 468; *In re AIU Ins. Co.*, 148 S.W.3d 109, 116 (Tex. 2004) (orig. proceeding); *Walker*, 827 S.W.2d at 842. An appeal is the typical remedy for obtaining a new trial when a trial court commits reversible error that "skews" the proceedings.

Whether a wasted trial makes an appeal inadequate depends heavily on the type of case that would have to be retried. *See CVR Energy*, 500 S.W.3d at 80–83, 2016 WL 3544883, at *10–12; *Arthur Andersen*, 121 S.W.3d at 484–86. The mandamus record shows there are two plaintiffs and one defendant in the underlying case. The plaintiffs, husband and wife, allege the husband was walking on premises controlled by Relator when the husband was hit by a driver. Based on these facts, plaintiffs argue two theories of liability against Relator: negligent undertaking and premises liability. The plaintiffs seek damages for personal injury, the reasonable value of the household services the husband can no longer perform, and the wife's loss of consortium.

The mandamus record shows this is a "relatively straightforward personal injury case." *See In re Unitec Elevator Servs. Co.*, 178 S.W.3d 53, 64–66 (Tex. App.–Houston [1st Dist.] 2005, orig. proceeding) (denying mandamus relief). This case does not present an "Enron collapse"-type situation as in *Arthur Andersen. See* 121 S.W.3d at 484–86 (granting mandamus relief). Relator has also failed to produce documents showing whether there are, as there were in *CVR Energy*, thousands of relevant documents produced in this suit, numerous depositions taken, or expectations that a trial would last at least two weeks. *See CVR Energy*, 500 S.W.3d at 82–83, 2016 WL 3544883, at *12. Thus, this case does not present the possibility of an

enormous waste of resources in the trial court.

**3. Does mandamus allow this court to offer needed and helpful direction to the law that would otherwise prove elusive in appeals from final judgments?**

There is no apparent reason why this court would be less able to address the proper construction of the word "timely" in the RTP statute in an appeal from a final judgment in this case. It would be preferable to have a complete appellate record and some colorable assertion of harm before deciding this issue. *See Walker*, 827 S.W.2d at 842–43. Furthermore, other courts of appeals have been able to develop a body of case law construing the RTP statute in appeals from final judgments. *See, e.g., ExxonMobil*, 467 S.W.3d at 48–53; *Sun Dev.*, 2014 WL 4755467, at *11–14; *MCI Sales*, 272 S.W.3d at 35–43; *Olympic Arms*, 176 S.W.3d at 572–76. There is no reason why this court would be unable to do the same.

**4. Does the benefit of addressing a possibility that this straightforward personal injury case might be tried twice outweigh the detriments of lowering the bar for mandamus relief in future cases before this court?**

When considering the detriments, appellate courts should consider not only the time they spend in disposing of the proceeding, but (1) whether the case lowers the standard for when an appeal is an inadequate remedy; and (2) how much the standard is lowered. *See Walker*, 827 S.W.2d at 842 (discussing what granting mandamus in that particular case would justify in other cases); *see also McAllen*, 275 S.W.3d at 473–74 (Wainwright, J., dissenting). Without the "adequate remedy by appeal" standard substantially limiting the cases in which mandamus should issue, "appellate courts would embroil themselves unnecessarily in incidental pre-trial

rulings of the trial courts and mandamus would soon cease to be an extraordinary writ." *Walker*, 827 S.W.2d at 842 (internal quotation marks omitted). It is undisputable that lowering the "adequate remedy by appeal" bar dramatically increases the number of mandamus filings. *See* Lisa Bowlin Hobbs, *The Top 10 Things the Appellate Specialist Should Know About Mandamus Practice*, State Bar of Texas, 29th Annual Advanced Civil Appellate Practice, at 15 (2015).

Granting mandamus relief in this case lowers the bar for when an appeal is inadequate to correct an erroneous denial of an RTP motion. Unlike other cases in which courts of appeals have granted mandamus relief, this is a relatively straightforward personal injury case that has the possibility of being resolved by the pending motion for summary judgment. *Cf. CVR Energy*, 2016 WL 3544883, at *12; *Brokers Logistics*, 320 S.W.3d at 408; *Arthur Andersen*, 121 S.W.3d at 484, 486. Other courts have not been willing to lower the "adequate remedy by appeal" bar to include such cases. *See, e.g., Unitec*, 178 S.W.3d at 64–66 (declining to hold an appeal was inadequate in a "relatively straightforward personal injury case"). If mandamus is appropriate in this case, then it is appropriate in almost any case in which a trial court's erroneous ruling has any possibility of resulting in the granting of a new trial—regardless of the nature of the case or its procedural posture. The benefit of addressing a possibility that this straightforward personal injury case might be tried twice does not outweigh the detriments of lowering the bar for mandamus relief in future cases before this court.

### Conclusion

For the foregoing reasons, I respectfully dissent.