

# NUMBER 13-24-00554-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

## IN RE FRIES RESTAURANT MANAGEMENT, LLC, FIREBRAND PROPERTIES, LP, FRITZ MANAGEMENT, LLC, AND SUN HOLDINGS, LLC

## ON PETITION FOR WRIT OF MANDAMUS

## MEMORANDUM OPINION

**Before Justices Longoria, Tijerina, and Peña
Memorandum Opinion by Justice Tijerina[1]**

By petition for writ of mandamus, relators Fries Restaurant Management, LLC,

Firebrand Properties, LP, Fritz Management, LLC (Fritz) and Sun Holdings, LLC contend

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so. When granting relief, the court must hand down an opinion as in any other case."); *id.* R. 47.1 ("The court of appeals must hand down a written opinion that is as brief as practicable but that addresses every issue raised and necessary to final disposition of the appeal."); *id.* R. 47.4 (explaining the differences between opinions and memorandum opinions).

that the trial court[2] abused its discretion by denying their motion for leave to designate SouthWaste Disposal, LLC (SouthWaste), as a responsible third party. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 33.004. We conditionally grant the petition for writ of mandamus.

## I. BACKGROUND

On January 11, 2018, real party in interest Jose Leyva, individually and as next friend of G.L., a minor, filed suit against Burger King Restaurant and Hart Restaurant Management for negligence. Leyva alleged that he and his daughter were walking near a Burger King restaurant when his daughter fell into an open grease trap, and he jumped down into the grease trap to assist her. Leyva asserted that they both sustained serious personal injuries. Neither of the defendants filed an answer to the lawsuit, and on June 4, 2018, the trial court signed a default judgment as to liability against these defendants.

On January 27, 2020, Leyva filed a first amended original petition reiterating his allegations against these defendants and adding negligence claims against relators. In his first amended original petition, Leyva specified that the accident giving rise to the lawsuit occurred on or about March 6, 2016. Leyva incorporated requests for disclosure in this pleading.[3]

---

[2] This original proceeding arises from trial court cause number 2018CCV-60106-1 in the County Court at Law No. 1 of Nueces County, Texas, and the respondent is the Honorable Todd A. Robinson. *See id.* R. 52.2.

[3] This event occurred prior to the amendments to Texas Rule of Civil Procedure 194 regarding required disclosures; however, the amendments do not impact our analysis. *See generally* TEX. R. CIV. P. 194 & cmt.; *see also In re Bright Stars Montessori Learning Ctr., Inc.*, No. 13-23-00354-CV, 2023 WL 6773861, at *7 n.8 (Tex. App.—Corpus Christi–Edinburg Oct. 12, 2023, orig. proceeding) (mem. op.).

On May 1, 2020, relators served their responses to Leyva's requests for disclosures but did not identify any potentially responsible third parties. However, on November 10, 2020, Fritz identified SouthWaste in its answers to Leyva's interrogatories:

> **INTERROGATORY NO. 2**: If you contend that any other person or entity is responsible for the incident and/or damages alleged by the Plaintiff, please state, without marshalling evidence, each person or entity which you believe is wholly or partially responsible and the factual basis upon which you base that contention.

> **ANSWER**: Defendant objects that this Interrogatory seeks information that is not relevant to the issue of damages. Liability has been decided pursuant to the Court's June 4, 2018 Default Judgment. Subject to objection, SouthWaste; 16350 Park Ten Pl. #215, Houston, TX 77084; (866) 413-9494. SouthWaste was responsible for maintaining the grease trap; employees of the restaurant in question did not access or open the grease trap and were not responsible for maintaining it. SouthWaste was responsible for ensuring the grease trap was securely closed when it finished servicing the grease trap.

In other responses to interrogatories, Fritz also identified SouthWaste as being "responsible for safety and maintenance for the location where the incident made the basis of this lawsuit occurred," asserted that "SouthWaste was responsible for maintaining the grease trap; employees of the restaurant in question did not access or open the grease trap and were not responsible for maintaining it," and that "SouthWaste was responsible for ensuring the grease trap was securely closed when it finished servicing the grease trap."

On September 22, 2022, relators filed their first supplemental responses to Leyva's requests for disclosures and identified SouthWaste as a potential party to the lawsuit. The following day, on September 23, 2022, relators filed a joint motion for leave to designate SouthWaste as a responsible third party.

On September 30, 2022, Leyva filed an objection and motion to strike relators' motion for leave to designate a responsible third party, and on January 12, 2023, Leyva filed an amended objection and motion to strike. Leyva asserted that the relators' joint motion to designate SouthWaste as a responsible third party was barred by the statute of limitations, which expired on March 6, 2018. Leyva also argued that the motion was untimely and highly prejudicial.[4]

On May 31, 2023, the trial court held a hearing on relators' motion for leave to designate SouthWaste but did not issue a ruling at that time. On November 16, 2023, the trial court signed a third agreed docket control order setting the case for trial on November 12, 2024. On July 2, 2024, relators sent correspondence to the trial court requesting it to issue a ruling on their motion to designate SouthWaste as a responsible third party. On September 11, 2024, relators again sent the trial court a letter requesting it to rule. By order signed on October 25, 2024, the trial court denied relators' motion.[5]

This original proceeding ensued. Relators assert that the trial court abused its discretion by denying their joint motion for leave to designate SouthWaste as a responsible third party. Relators also requested temporary relief to stay the underlying trial court proceedings pending the resolution of their petition for writ of mandamus. We granted the request for temporary relief, and we ordered the trial court proceedings to be stayed. *See* TEX. R. APP. P. 52.10 ("Unless vacated or modified, an order granting

---

[4] Leyva also contended that relators failed to plead specific facts in their joint motion to designate SouthWaste as a responsible third party; however, Leyva does not make this assertion in this original proceeding. Accordingly, we do not address it. *See* TEX. R. APP. P. 47.1.

[5] The order indicates that it was signed on October 25, 2023; however, relators assert that it was signed on October 25, 2024, and Leyva does not contend otherwise.

4

temporary relief is effective until the case is finally decided."). We also requested and received a response to the petition for writ of mandamus from Leyva. *See id.* R. 52.2, 52.4, 52.8. Relators have further filed a reply in support of their contentions.

## II. STANDARD OF REVIEW

Mandamus is an extraordinary and discretionary remedy. *See In re Allstate Indem. Co.*, 622 S.W.3d 870, 883 (Tex. 2021) (orig. proceeding); *In re Garza*, 544 S.W.3d 836, 840 (Tex. 2018) (orig. proceeding) (per curiam); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 138 (Tex. 2004) (orig. proceeding). The relator must show that: (1) the trial court abused its discretion; and (2) the relator lacks an adequate remedy on appeal. *In re USAA Gen. Indem. Co.*, 624 S.W.3d 782, 787 (Tex. 2021) (orig. proceeding); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d at 135–36; *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992) (orig. proceeding). "The relator bears the burden of proving these two requirements." *In re H.E.B. Grocery Co.*, 492 S.W.3d 300, 302 (Tex. 2016) (orig. proceeding) (per curiam); *Walker*, 827 S.W.2d at 840.

"[T]here is ordinarily no adequate remedy by appeal from the erroneous denial of a timely filed motion to designate a responsible third party." *In re YRC Inc.*, 646 S.W.3d 805, 810 (Tex. 2022) (orig. proceeding) (per curiam); *see In re Coppola*, 535 S.W.3d 506, 509–10 (Tex. 2017) (orig. proceeding) (per curiam). An erroneous denial of a motion to designate a responsible third party skews the proceedings, potentially affects the outcome of the litigation, and compromises the presentation of the relator's defense in ways that are not likely to be apparent in the record. *See In re Coppola*, 535 S.W.3d at 509. Further, "[a]llowing a case to proceed to trial without the third party would defeat the

defendant's right to have the jury determine the proportionate responsibility of all potential responsible parties, requiring a second trial." *In re YRC, Inc.*, 646 S.W.3d at 810.

## III. RESPONSIBLE THIRD PARTIES

Under our proportionate responsibility scheme, "[t]he trier of fact, as to each cause of action asserted, shall determine the percentage of responsibility" for the alleged harm as to each claimant, defendant, settling person, and responsible third party. TEX. CIV. PRAC. & REM. CODE ANN. § 33.003(a). A "responsible third party" is "any person who is alleged to have caused or contributed to causing in any way the harm" by, as relevant here, negligent act or omission, by other conduct or activity that violates an applicable legal standard, or by any combination of these. *Id.* § 33.011(6).

A defendant may file a motion for leave to designate a responsible third party. *Id.* § 33.004(a). "The motion must be filed on or before the 60th day before the trial date unless the court finds good cause to allow the motion to be filed at a later date." *Id.* However,

> A defendant may not designate a person as a responsible third party with respect to a claimant's cause of action after the applicable limitations period on the cause of action has expired with respect to the responsible third party if the defendant has failed to comply with its obligations, if any, to timely disclose that the person may be designated as a responsible third party under the Texas Rules of Civil Procedure.

*Id.* § 33.04(d). The trial court "shall grant leave to designate the named person as a responsible third party unless another party files an objection to the motion for leave on or before the 15th day after the date the motion is served." *Id.* § 33.004(f). Similarly, even if a party timely objects,

> [T]he court shall grant leave to designate the person as a responsible third party unless the objecting party establishes:

6

(1)  the defendant did not plead sufficient facts concerning the alleged responsibility of the person to satisfy the pleading requirement of the Texas Rules of Civil Procedure; and

(2)  after having been granted leave to replead, the defendant failed to plead sufficient facts concerning the alleged responsibility of the person to satisfy the pleading requirements of the Texas Rules of Civil Procedure.

*Id.* § 33.004(g). In terms of pleading requirements, the rules of civil procedure require "a short statement of the cause of action sufficient to give fair notice of the claim involved." TEX. R. CIV. P. 47(a); *see In re YRC Inc.*, 646 S.W.3d at 809–10. This standard is met "if a party can ascertain from the pleading the nature, basic issues, and type of evidence that might be relevant to the controversy." *In re YRC Inc.*, 646 S.W.3d at 809–10; *see In re Eagleridge Operating, LLC*, 642 S.W.3d 518, 525–26 (Tex. 2022) (orig. proceeding).

Subsequently, "[a]fter adequate time for discovery," a party may file a motion to strike the designation of a responsible third party on grounds "that there is no evidence that the designated person is responsible for any portion of the claimant's alleged injury or damage." TEX. CIV. PRAC. & REM. CODE ANN. § 33.004(*l*). In such a case, the trial "court shall grant the motion to strike unless a defendant produces sufficient evidence to raise a genuine issue of fact regarding the designated person's responsibility for the claimant's injury or damage." *Id.* This standard of review mirrors that of a no-evidence summary judgment. *In re Eagleridge Operating, LLC*, 642 S.W.3d at 526.

## IV.  ANALYSIS

Relators assert that the trial court abused its discretion by denying their motion to designate SouthWaste as a responsible third party. Leyva asserts, in contrast, that the designation was not timely and "that liability had already been decided under a default

7

judgment." Leyva thus argues that relators "cannot now use procedural technicalities or the statute of limitations to shield themselves."

Here, Leyva and his daughter were injured on or about March 6, 2016. Their claims against relators sound in negligence and are thus governed by a two-year statute of limitations. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 16.003(a); *Levinson Alcoser Assocs., L.P. v. El Pistolon II, Ltd.*, 670 S.W.3d 622, 625 (Tex. 2023). Thus, the relevant statute of limitations expired on March 6, 2018. Leyva filed suit against the original defendants on January 11, 2018. However, Leyva did not file suit against relators until January 27, 2020, well after the expiration of the statute of limitations. Section 33.004(d) does not deprive a defendant of its right to designate a responsible third party when its obligation to disclose arises after expiration of limitations. *In re Mobile Mini, Inc.*, 596 S.W.3d 781, 786–87 (Tex. 2020) (orig. proceeding) (per curiam); *In re EAN Holdings, LLC*, 697 S.W.3d 407, 411–12 (Tex. App.—El Paso 2024, orig. proceeding); *In re VC PalmsWestheimer, LLC*, 615 S.W.3d 655, 662 (Tex. App.—Houston [1st Dist.] 2020, orig. proceeding); *In re Bustamante*, 510 S.W.3d 732, 736–37 (Tex. App.—San Antonio 2016, orig. proceeding); *see also In re Rancho del Lago, Inc.*, No. 03-23-00307-CV, 2024 WL 734658, at *2 (Tex. App.—Austin Feb. 23, 2024, orig. proceeding) (mem. op.) ("Because Potranco did not file suit until June 30, 2020, after the expiration of limitations, any subsequent designation of responsible third parties cannot be untimely."); *In re MAF Indus., Inc.*, No. 13-20-00255-CV, 2020 WL 6158248, at *5 (Tex. App.—Corpus Christi–Edinburg Oct. 19, 2020, orig. proceeding) (mem. op.) ("Further, because MAF's duty to disclose responsible third parties did not arise until after the limitations period expired, the timing of its disclosure is immaterial to the issue of timeliness under § 33.004(d).").

Leyva further offers argument and authority regarding the validity of the default judgment, contends that relators "missed all deadlines to contest" that judgment, and asserts that they "are attempting to reopen" the issue of liability by adding a responsible third party. Leyva further asserts that relators "purposefully" and "methodically" did not file their motion to designate SouthWaste as a responsible third party until the last day of discovery and that relators abused the discovery process by making a late designation. Finally, Leyva contends that relators attempt to defeat liability through "a foul attempt to surprise and prejudice" him. Leyva cites no authority for his proposition that these allegations affect the trial court's ruling on a motion to designate a responsible third party, *see* TEX. R. APP. P. 52.3(h), and we find no support for this argument in either case law or the plain language of the statute.

We conclude that the trial court abused its discretion by denying relators' motion for leave to designate SouthWaste as a responsible third party. *See In re Mobile Mini, Inc.*, 596 S.W.3d at 786–87; *In re EAN Holdings, LLC*, 697 S.W.3d at 411–12; *In re VC PalmsWestheimer, LLC*, 615 S.W.3d at 662. Accordingly, we sustain the sole issue presented in this original proceeding.

## IV. CONCLUSION

The Court, having examined and fully considered the petition for writ of mandamus, the response, and the applicable law, is of the opinion that relators have met their burden to obtain relief. We lift the stay previously imposed in this case. *See* TEX. R. APP. P. 52.10. We conditionally grant the petition for writ of mandamus and direct the trial court to vacate its October 25, 2024 order denying relators' joint motion for leave to designate

9

SouthWaste and to issue an order granting that joint motion. Our writ will issue only if the trial court fails to comply.

JAIME TIJERINA
Justice

Delivered and filed on the
11th day of December, 2024.