

In The
Court of Appeals
Seventh District of Texas at Amarillo

_____

No. 07-25-00181-CV

_____

IN RE ONE WAY CONCRETE, LLC AND ONE WAY
CONCRETE CONSTRUCTION, LLC, RELATORS

ORIGINAL PROCEEDING

July 16, 2025

MEMORANDUM OPINION

Before QUINN, C.J., and PARKER and DOSS, JJ.

One Way Concrete, LLC and One Way Concrete Construction, LLC (One Way) contend that the Honorable Ana Estevez, 320th District Court,[1] (trial court) abused her discretion by denying relator's motion for leave to designate a responsible third party. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 33.004. They petition us for a writ of mandamus directing the trial court "to vacate its order." We deny the petition.

***Background***

On April 20, 2022, the Horseshoe Fire ignited in Potter County, Texas. Several properties were impacted. The real parties in interest here are the several plaintiffs suing

---

[1] Sitting by assignment.

for damages sustained. They are Jerry Barrett; Theresa Brown; Gary Brown; Second Mesa Investments, Inc.; Charlotte Cash; Milton J. Velasquez and Connie J. Velasquez, Trustees of the Milton J. Velasquez and Connie J. Velasquez Trust; Tom Wilson; Kathleen L. Simmons; and Shawna Hammonds (collectively referred to as Barretts). Barretts filed their petition in September 2023 against Blackstone Concrete Ventures in connection with a highway construction project that allegedly caused the fire. They eventually joined One Way as a defendant in February 2024. One Way answered or generally appeared therein on February 26, 2024.

The applicable two-year limitations period expired on April 20, 2024. About a month later, that is, on May 22, 2024, One Way served its initial discovery disclosures, identifying FC Traffic Control as a responsible third party. Six months then passed before the same defendant sought leave to add FC Traffic as a responsible third party. Barretts opposing the motion resulted in the trial court's convening a hearing on the matter. It ultimately denied One Way's request on April 24, 2025.

*Analysis*

In play is § 33.004(d) of the Texas Civil Practice and Remedies Code. It states that "[a] defendant may not designate a person as a responsible third party with respect to a claimant's cause of action after the applicable limitations period . . . has expired with respect to the responsible third party if the defendant has failed to comply with its obligations, if any, to timely disclose that the person may be designated as a responsible third party under the Texas Rules of Civil Procedure." *See* TEX. CIV. PRAC. & REM. CODE ANN. § 33.004(d); *see also In re VB Harlingen Holdings*, No. 13-19-00131-CV, 2019 Tex. App. LEXIS 5443, at *17–18 (Tex. App.—Corpus Christi June 27, 2019, orig. proceeding)

2

(mem. op.) (stating that § 33.004(d) requires a defendant to disclose a potential responsible third party before the expiration of the statute of limitations, if possible); *In re Bustamante*, 510 S.W.3d 732, 737 (Tex. App.—San Antonio 2016, orig. proceeding) (same). Next, those rules of civil procedure specify the applicable time periods and obligations controlling the debate at bar.

For instance, a party "must make the initial disclosures within 30 days after the filing of the first answer or general appearance unless a different time is set by the parties' agreement or court order." TEX. R. CIV. P. 194.2(a). If that party is "first served or otherwise joined after the filing of the first answer or general appearance" then it "must make the initial disclosures within 30 days after being served or joined, unless a different time is set by the parties' agreement or court order." *Id.* Rule 194.2 further describes the content of the initial disclosures, which content includes "the name, address, and telephone number of any person who may be designated as a responsible third party." *Id.* 194.2(b)(12).

Here, One Way filed its answer on February 26, 2024. Thus, its initial disclosures were due on March 27. The latter date fell three weeks before April 20, the date on which limitations applicable to Barretts' claim expired. Nevertheless, One Way did not comply with Rule 194.2(a) and serve its initial disclosures within a month of appearing in the suit. Rather, it waited until May 22. And, no one can reasonably deny that May 22 fell about one month after limitations expired and two months after the initial disclosure deadline. So, One Way having failed to both comply with Rule 194.2(a) and designate FC Traffic as a responsible third party before limitations expired, § 33.004(d) of the Civil Practice and Remedies Code barred its designation of FC Traffic as a responsible third party.

3

One Way attempts to avoid this outcome by foisting blame on the Barretts for belatedly joining it as a defendant. Indeed, joining a defendant on the eve of limitations expiring may insulate the new party from the throes of § 33.004(d). Such was the outcome in *In re Mobile Mini, Inc.*, 596 S.W.3d 781 (Tex. 2020) (orig. proceeding) (per curiam). There, Covarrubias sued Mobile Mini and others nineteen days before limitations expired and served his requests for disclosure with the petition. *Id*. at 783. Mobile Mini's answers to those requests, which identified a responsible third party, were provided within the time allotted by the rules of civil procedure. Yet, that allotted time period included a span after the expiration of the applicable statute of limitations, and the answers came within that particular span. Yet, the latter did not bar Mobile Mini from naming Nolana as a responsible third party per § 33.004(d). This was so, according to the Supreme Court, because "Mobile Mini identified Nolana as a responsible third party in its initial response to Covarrubias's initial request for disclosures ***and that response was timely under the Texas Rules of Civil Procedure***." *Id.* at 785 (emphasis added). So, "Mobile Mini's failure to disclose Nolana's identity before limitations expired was the natural consequence of Covarrubias's decision to wait to file suit until limitations were nearing terminus." *Id.* The Court added that "[p]laintiffs who wait until days before limitations expire to file suit do so at their peril," and cited various authorities supporting that observation. *Id.* (citing *In re Bustamante*, 510 S.W.3d at 736–37 (wherein the plaintiff sued one day before the statute of limitations expired); *In re Dakota Directional Drilling, Inc.*, 549 S.W.3d 288, 291–92 (Tex. App.—Fort Worth 2018, orig. proceeding) (wherein the plaintiff sued the defendant three days before limitations expired); *Spencer v. BMW of N. Am., LLC*, CV No. 5:14-CV-869-DAE, 2015 U.S. Dist. LEXIS 43463 *6 n.4 (W.D.

4

Tex. April 2, 2015) (wherein the plaintiff waited eight days before limitations expired to join the defendant)).

Barretts' suing One Way a couple of months before limitations expired is much more than the few days or weeks involved in *In re Mobile Mini*, *In re Bustamante*, *In re Dakota Directional Drilling*, and *Spencer.* And unlike the circumstances in those cases, One Way's duty to comply with Rule 194.2(b) and name responsible third parties lapsed about a month before limitations expired. So, our defendant was afforded the very window denied those in the aforementioned authorities. That renders them quite distinguishable and hardly supportive of One Way's contention.

Indeed, the rule or test espoused in another of the very cases cited by the petitioner, *In re Bertrand*, 602 S.W.3d 691 (Tex. App.—Fort Worth 2020, orig. proceeding), actually contradicts One Way's position. It tells us that "the proper construction of the interplay between Section 33.004(d) and Rule 194.2(l) is:

> (1) where a defendant seeks to designate a responsible third party after the plaintiffs' limitations against the responsible third party has expired,
>
> (2) if the defendant had a duty to disclose under Rule 194.2(l) prior to the expiration of plaintiffs' limitations against the responsible third party and failed to do so at least in part before limitations ran, then
>
> (3) the defendant may be precluded from designating that person as a responsible third party; but
>
> (4) a defendant's discovery conduct occurring solely after the expiration of the plaintiffs' limitations period against the responsible third party is immaterial to the issue of timely disclosure for purposes of Section 33.004(d).

*Id.* at 705–06; *see also In re EAN Holdings, LLC*, 697 S.W.3d 407, 412 (Tex. App.—El Paso 2024, orig. proceeding) (stating same); *In re MAF Indus.*, No. 13-20-00255-CV2020 Tex. App. LEXIS 8432, at *13-14 (Tex. App.—Corpus Christi Oct. 19, 2020, orig.

5

proceeding) (stating the same). In other words, a defendant's conduct in identifying a responsible third party after the limitations period is irrelevant as long as it had no duty to reveal the identity before limitations expired. One Way had such a duty. Though obligated to provide initial disclosures containing the identity of responsible third parties before limitations lapsed, it waited to comply until a month after limitations lapsed. Neither we nor the trial court were told that it knew not of FC Traffic by then. Nor did it request an extension of the Rule 194.2(a) deadline. Rather, it permitted the Rule 194.2(a) discovery deadline to run and, on its own timeline, belatedly submit "a robust" initial disclosure. The disclosure being "robust" fails to relieve it of the effects encountered through the application of § 33.004(d) and the accurate applications of authorities it itself cites like *In re Mobile Mini*, *In re Bertrand*, *In re EAN Holdings*, and *In re MAF Industries*.

Section 33.004(d) required One Way to disclose responsible third parties before limitations expired, if possible. *See In re VB Harlingen Holdings*, 2019 Tex. App. LEXIS 5443, at *17–18; *In re Bustamante*, 510 S.W.3d at 737. It was possible here. Judge Estevez got it right. No abuse of discretion occurred, and we deny the petition for writ of mandamus.


Brian Quinn
Chief Justice

6