Opinion issued December 10, 2020



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-20-00465-CV

———————————

## IN RE VC PALMSWESTHEIMER, LLC AND PARAWEST COMMUNITY DEVELOPMENT, LLC, Relators

---

### Original Proceeding on Petition for Writ of Mandamus

---

### O P I N I O N

Relators, VC PalmsWestheimer, LLC ("Palms") and Parawest Community Development, LLC ("Parawest"), have filed a petition for writ of mandamus, seeking to compel respondent, the Honorable Daryl Moore, to vacate an order

denying their motion for leave to designate a responsible third party and to compel him to enter an order granting the motion.[1]

We conditionally grant the petition.

## Background

On March 6, 2019, real party in interest, Seyedali Parsafar, filed his original petition, alleging that he was assaulted on the grounds of his apartment complex, The Palms on Westheimer, on March 21, 2017. Although Parsafar did not know the perpetrator of the assault, the security guard at his apartment complex knew the perpetrator's identity and showed Parsafar a photograph of the perpetrator immediately after the assault. Parsafar called law enforcement officers and reported the assault.

Parsafar, acting pro se, sued Palms, the owner of The Palms on Westheimer apartment complex, Parawest, the management company for the apartment complex, and State Alliance Protective Services, LLC, the security contractor for the apartment complex.[2] Parsafar brought claims for negligence, gross negligence, premises liability, and violations of the Deceptive Trade Practices Act ("DTPA").[3]

---

[1] The underlying case is *Seyedali Parsafar v. VC PalmsWestheimer, LLC, Parawest Community Development, LLC, and State Alliance Protective Services, LLC*, Cause No. 2019-16627, pending in the 333rd District Court of Harris County, Texas, the Honorable Daryl Moore presiding.

[2] State Alliance Protective Services, LLC is not a party to this mandamus proceeding.

[3] *See* TEX. BUS. & COM. CODE ANN. §§ 17.41–.63.

2

Parsafar did not serve any discovery requests on Palms and Parawest with his original petition.

On April 15, 2019, Palms and Parawest filed separate original answers, generally denying the allegations in Parsafar's original petition. Included in each original answer was a request for disclosures.[4]

Parsafar then moved to stay the trial court's proceedings because of an unspecified medical reason. On June 17, 2019, the trial court granted the requested stay and abated the case until August 2, 2019. On June 20, 2019, the trial court issued a docket control order that included a joinder deadline of August 5, 2019 and a trial date of April 27, 2020. Meanwhile, Parsafar retained counsel.

On August 27, 2019, Palms and Parawest each filed a first amended answer that designated Jaeylen Deshawn Turner or "an unknown individual" as a responsible third party. That same day, Palms and Parawest filed a joint motion for leave to designate Turner or John Doe as a responsible third party. The motion for leave stated in pertinent part:

> Upon information and belief, . . . Turner was the individual who allegedly assaulted [Parsafar]. To the extent that it is shown that . . . Turner was not involved in the incident in question, the individual who committed the crime in question is unknown. . . . Turner or an unknown criminal, John Doe . . . , is responsible for the criminal acts because he allegedly assaulted [Parsafar] causing bodily injury.

---

[4] *See* TEX. R. CIV. P. 194.

In his response to the motion for leave, Parsafar objected and asserted that Palms and Parawest's request for leave to designate Turner or John Doe as a responsible third party was untimely and it failed to conform with the requirements of Texas Civil Practice and Remedies Code section 33.004.[5] Parsafar argued that Turner had not been timely designated as a responsible third party because he was not designated before the statute of limitations period ran or by the joinder deadline in the trial court's docket control order. And Parsafar argued that John Doe had not been timely designated as a responsible third party because he was not designated within sixty days of the date Palms and Parawest filed their original answers. Parsafar also asserted that the factual allegations in the motion for leave about John Doe were insufficient.

In their reply to Parsafar's response, Palms and Parawest asserted that the designation of Turner as a responsible third party could not have been made before the statute of limitations period ran because suit was not filed until approximately two weeks before the limitations period expired. Palms and Parawest further asserted that the sixty-day deadline for designating an unknown responsible third party should have been tolled while the case was abated at Parsafar's request. According to Palms and Parawest, their motion for leave sufficiently explained the factual basis for designating John Doe as a responsible third party. Finally, Palms

---

[5] *See* TEX. CIV. PRAC. & REM. CODE ANN. § 33.004.

4

and Parawest stated that they would agree to extend the joinder deadline in the docket control order to the extent that their motion for leave violated it.[6]

On October 9, 2019, the trial court denied Palms and Parawest's motion for leave to designate Turner or John Doe as a responsible third party.[7]

Palms and Parawest filed a motion for reconsideration of the trial court's denial of their motion for leave,[8] which was heard by the trial court on December 16, 2019. During the hearing on the motion for reconsideration, the trial court implied that its previous ruling was based on Palms and Parawest's failure to identify a responsible third party in their answers. Specifically, during the hearing, the trial court asked Palms and Parawest why did they not "say in [their] answer that the injuries of which [Parsafar] complain[ed] [were] caused in whole or in part by third party, if [they] knew about [him]?" The trial court continued:

> If you knew about the existence of [a responsible third party], and you knew that time is short, without getting into your work product, the safest thing to do is to designate them and then nonsuit them. Rather than wait – you waited until June – April, May, June, so you had 60 days, and then it's abated for 45 days and then you file your [responsible-third-party] request when?

---

[6] Parsafar filed a sur-reply to Palms and Parawest's reply. Parsafar attached his declaration to his sur-reply.

[7] The mandamus record does not contain any notice of a hearing on Palms and Parawest's motion for leave or a transcript from a hearing. But the transcript from a hearing on Palms and Parawest's motion for reconsideration of the trial court's denial of their motion for leave indicates that a prior hearing was held on the motion for leave.

[8] Parsafar filed a response to the motion for reconsideration.

5

On April 1, 2020, the trial court denied the motion for reconsideration.

On June 23, 2020, Palms and Parawest filed a petition for writ of mandamus, seeking relief from this Court with regard to the trial court's October 9, 2020 order denying their motion for leave to designate Turner as a responsible third party.[9]

**Standard of Review**

Relators who seek mandamus relief "must establish that an underlying order is void or a clear abuse of discretion and that no adequate appellate remedy exists." *In re Nationwide Ins. Co. of Am.*, 494 S.W.3d 708, 712 (Tex. 2016) (orig. proceeding); *In re Prudential Ins. Co.*, 148 S.W.3d 124, 135 (Tex. 2004) (orig. proceeding); *see also In re Coppola*, 535 S.W.3d 506, 508 (Tex. 2017) (orig. proceeding). The trial court abuses its discretion if its ruling is "arbitrary and unreasonable, made without regard for guiding legal principles or supporting evidence." *In re Nationwide Ins.*, 494 S.W.3d at 712. A trial court also abuses its discretion if it "fails to analyze or apply the law correctly." *Id.* This Court must "defer to the trial court's factual determinations while reviewing its legal conclusions de novo." *In re Makris*, 217 S.W.3d 521, 523 (Tex. App.—San Antonio 2006, orig. proceeding). The trial court's "clear failure to analyze or apply the law

---

[9]     Palms and Parawest do not seek relief related to the trial court's denial of their motion for leave to designate John Doe as a responsible third party.

correctly is an abuse of discretion." *In re CVR Energy, Inc.*, 500 S.W.3d 67, 72–73 (Tex. App.—Houston [1st Dist.] 2016, orig. proceeding).

## Responsible Third Party

In their first and second issues, Palms and Parawest argue that the trial court abused its discretion in denying their motion for leave to designate Turner as a responsible third party because they had no obligation under the Texas Rules of Civil Procedure to identify Turner as a responsible third party before the statute of limitations ran, they were not obligated to identify Turner as a responsible third party given that Parsafar did not serve a request for disclosures on them, their motion for leave to designate Turner as a responsible third party was not untimely based on the joinder deadline in the trial court's docket control order, and the motion for leave was not untimely even though it was filed some four months after they filed their original answers.

In response, Parsafar argues that the trial court properly denied the motion for leave to designate Turner as a responsible third party because, given that it was filed after the statute of limitations period ran, Palms and Parawest did not comply with their obligations to disclose Turner as a responsible third party. Parsafar also asserts that the motion for leave violated the docket control order issued by the trial court.

### A.    Responsible-Third-Party Statute

7

Texas Civil Practice and Remedies Code chapter 33 governs the designation of a responsible third party. "Responsible third party" is defined as

> any person who is alleged to have caused or contributed to causing in any way the harm for which recovery of damages is sought, whether by negligent act or omission, by any defective or unreasonably dangerous product, by other conduct or activity that violates an applicable legal standard, or by any combination of these.

TEX. CIV. PRAC. & REM. CODE ANN. § 33.011(6). A motion for leave to designate a known person as a responsible third party "must be filed on or before the 60th day before the trial date unless the court finds good cause to allow the motion to be filed at a later date." *Id.* § 33.004(a). That person may not be designated as a responsible third party

> after the applicable [statute of] limitations period on the cause of action has expired with respect to the responsible third party if the defendant has failed to comply with its obligations, if any, to timely disclose that the person may be designated as a responsible third party under the Texas Rules of Civil Procedure.

*Id.* § 33.004(d).[10] Thus, under chapter 33, an identifiable responsible third party generally must be identified at least sixty days before trial and before the statute of

---

[10] As a matter of statutory interpretation, Texas Civil Practice and Remedies Code section 33.004(d)'s statement that the defendant must "comply with its obligations, *if any,* to timely disclose that the person may be designated as a responsible third party under the Texas Rules of Civil Procedure" makes sense only when the disclosure refers to a response to a discovery request. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 33.004(d) (emphasis added). If the statement required disclosure of a potential responsible third party in an answer, the "if any" verbiage would be surplusage, because all defendants have an obligation to file an answer. But the obligation to respond to a discovery request only arises under the Texas Rules of Civil Procedure when a discovery request is served on a defendant. A court must

8

limitations period runs on that person. And if a motion for leave to designate the known individual as a responsible third party is filed after the statute of limitations period ran for that person, the movant must have complied with any previously existing obligations to identify that person.

Chapter 33 requires the trial court to grant leave to designate the known individual as a responsible third party unless another party files an objection to the motion for leave within fifteen days of service of the motion. *Id.* § 33.004(f). But a timely objection only prevents the court from granting leave if the objecting party establishes that the defendants "did not plead sufficient facts concerning the alleged responsibility of the person to satisfy the pleading requirements of the Texas Rules of Civil Procedure" after having been granted leave to replead.[11] *Id.* § 33.004(g). The designation of a responsible third party is automatic when the trial court grants a motion for leave to designate. *Id.* § 33.004(h).

---

"give effect to all the words of a statute and not treat any statutory language as surplusage if possible." *Chevron Corp. v. Redmon,* 745 S.W.2d 314, 316 (Tex. 1987). Thus, the Texas Supreme Court has said that the obligation to identify a responsible third party arises when "discovery responses [are] due." *In re Mobile Mini, Inc.*, 596 S.W.3d 781, 784 (Tex. 2020) (orig. proceeding).

[11] "Fair notice" under the notice-pleading standard "is achieved if the opposing party can ascertain from the pleading the nature and basic issues of the controversy, and what type of evidence might be relevant. A trial court may not review the truth of the allegations or consider the strength of the defendant's evidence." *In re CVR Energy, Inc.*, 500 S.W.3d 67, 80 (Tex. App.—Houston [1st Dist.] 2016, orig. proceeding) (internal quotations and citations omitted).

**B. First Amended Answers and Motion for Leave to Designate Responsible Third Party**

Palms and Parawest separately filed original answers on April 15, 2019. These answers did not refer to the assault or any alleged perpetrators. Palms and Parawest each filed first amended answers on August 27, 2020, which stated in pertinent part:

> [Palms/Parawest] designates . . . Turner or an unknown person as a responsible third party within the meaning of Texas Civil Practice & Remedies Code section 33.004(j). Upon information and belief, . . . Turner is the individual who committed the assault in question. Should it be proved that . . . Turner did not commit the assault in question, the [perpetrator], John Doe . . . , is unknown. . . . Turner or John Doe . . . committed the acts that caused the loss or injury that is the subject of this lawsuit. Pursuant to Texas Penal Code chapter 22, the alleged acts committed by . . . Turner or John Doe . . . are criminal.

Palms and Parawest's motion for leave to designate Turner as a responsible third party, also filed on August 27, 2020, stated:

> According to *Plaintiff's Original Petition*, on March 21, 2017, an individual assaulted him at [T]he Palms on Westheimer apartment complex located at 6425 Westheimer Road, Houston, Texas 77057 . . . . Upon information and belief, . . . Turner was the individual who allegedly assaulted [Parsafar]. To the extent that it is shown that . . . Turner was not involved in the incident in question, the individual who committed the crime in question is unknown. . . . Turner or an unknown criminal, John Doe . . . , is responsible for the criminal acts because he allegedly assaulted [Parsafar] causing bodily injury.

The first amended answers and the motion for leave were filed 134 days after Palms and Parawest filed their original answers.

**C. Response to Motion for Leave to Designate Responsible Third Party**

In his response to Palms and Parawest's motion for leave to designate Turner as a responsible third party, Parsafar objected to the designation of Turner because (1) the designation was not timely as it was not done within the statute of limitations period, (2) the designation violated the joinder deadline established in the trial court's docket control order, and (3) the designation's factual allegations about John Doe were insufficient.

**1. Designation and Disclosure Within Time Periods Contemplated by Chapter 33**

Given that the alleged assault of Parsafar occurred on March 21, 2017, the statute limitations period ran in this case on March 21, 2019.[12] Parsafar filed suit against Palms and Parawest on March 6, 2019. Citations for Palms and Parawest were issued on March 13, 2019, and they were filed with the trial court clerk on April 1, 2019. The affidavits of service state that Parsafar's petition was delivered to Palms on March 19, 2019 and to Parawest on March 20, 2019. Based on these events, it would have been nearly impossible for Palms and Parawest to answer, much less file a motion for leave to designate Turner as a responsible third party,

---

[12] *See, e.g.*, TEX. BUS. & COM. CODE ANN. § 17.565 (two-year statute of limitations period for DTPA claim); TEX. CIV. PRAC. & REM. CODE ANN. § 16.003 (two-year statute of limitations period for negligence claim).

11

before the statute of limitations period ran on March 21, 2019. Palms and Parawest timely filed their original answers on April 15, 2019.

The filing of a petition near or after the expiration of the statute of limitations does not prevent a defendant from moving for leave to designate a responsible third party. *See, e.g.*, *In re Bustamante*, 510 S.W.3d 732 (Tex. App.—San Antonio 2016, orig. proceeding). In *In re Bustamante*, which stemmed from a car accident that pinned one of the plaintiffs against the building where he worked, the plaintiffs filed suit against the owner of the building one day before the statute of limitations period ran. 510 S.W.3d at 734. A request for disclosures was included with the petition. *Id.* at 736. The defendant did not respond to the request for disclosures but, some three years after filing a timely answer, he moved for leave to designate two responsible third parties. *Id.* The two responsible third parties were the driver of the car that struck the one plaintiff, with whom the plaintiffs had settled, and the one plaintiff's employer, from whom he had received workers' compensation benefits. *Id.* at 734.

The trial court denied the defendant's motion for leave to designate two responsible third parties, which the plaintiffs argued was untimely because it was filed after the statute of limitations period ran and the defendant had not timely disclosed the potential responsible third parties. *Id.* at 734–35. The defendant asserted that he could not have timely disclosed the two potential responsible third

12

parties before the statute of limitations period ran and, therefore, he had no duty to timely disclose them. *Id.* at 735.

The San Antonio Court of Appeals explained that the plaintiffs were

taking the position that a defendant loses the statutory right to designate responsible third parties if the defendant fails to respond to a request for disclosure[s] of potential responsible third parties within the deadline contained in [Texas] Rule [of Civil Procedure] 194.3. This [was] inconsistent with Texas Rule of Civil Procedure 193.6(a), which allow[ed] a party who fail[ed] to respond to discovery [requests] to introduce the undisclosed material or information into evidence if the party show[ed] either (1) good cause existed for the failure to respond to the discovery [requests] or (2) the other party [would] not be unfairly surprised or unfairly prejudiced by the failure to timely respond.

*Id.* at 736. The court continued:

To hold as the [plaintiffs] suggest would convert [Texas] Rule [of Civil Procedure] 194.2(l) into a technical trap. A party who fail[ed] to timely respond to a request for disclosure[s] of information regarding a person who may be designated as a responsible third party would lose the statutory right to designate responsible third parties, while a party that fail[ed] to respond to a request for disclosure[s] of the information required by rules 194.2 (a)–(k) would not face such a penalty. We do not read [Texas Civil Practice and Remedies Code] [s]ection 33.004(d) so narrowly. Instead, we read section 33.004(d) to require a defendant to disclose a potential responsible third party before the expiration of the statute of limitations, *if that is possible*.

*Id.* at 736–37 (emphasis added). The court further stated that even if the trial court indulged in the "legal fiction" that the plaintiffs did not know of the existence of the two potential responsible third parties, the defendant's disclosure obligations were satisfied by his testimony in a deposition and by his responses to a co-defendant's discovery request. *Id.*

Here, it is undisputed that Palms and Parawest were unable to file a motion for leave to designate Turner as a responsible third party before the statute of limitations period ran. It is also undisputed that Parsafar did not serve his request for disclosures or any other discovery requests on Palms and Parawest with his original petition and discovery had not yet begun when the motion for leave was filed. Even so, the trial court concluded that Palms and Parawest breached their duty to disclose Turner as a responsible third party by failing to identify him in their original answers, which only generally denied the allegations in Parsafar's original petition.

At the hearing on Palms and Parawest's motion for reconsideration of the trial court's denial of the motion for leave, the trial court indicated that its ruling was based on Texas Civil Practice and Remedies Code section 33.004, which requires a defendant to "comply with its obligations, if any, to timely disclose that the person may be designated as a responsible third party *under the Texas Rules of Civil Procedure*." (Emphasis added.) During the hearing, the trial court asked Palms and Parawest why did they not "say in [their] answer that the injuries of which [Parsafar] complain[ed] [were] caused in whole or in part by third party, if [they] knew about [him]?" The trial court continued:

> If you knew about the existence of [a responsible third party], and you knew that time is short, without getting into your work product, the safest thing to do is to designate them and then nonsuit them. Rather than wait – you waited until June – April, May, June, so you had 60

14

days, and then it's abated for 45 days and then you file your [responsible-third-person] request when?

Palms and Parawest responded that the Texas Rules of Civil Procedure do not require such disclosure when a defendant files its answer and Parsafar was not prejudiced in any event by the later designation.[13] We agree, finding support in a recent Texas Supreme Court decision. *See In re Mobile Mini, Inc.*, 596 S.W.3d 781, 784 (Tex. 2020) (orig. proceeding) (holding discovery responses that disclosed responsible third party provided timely notice of potential responsible third party even though responses were served after statute of limitations period ran; rejecting argument "as contrary to the statute's plain language" that disclosure of responsible third party should have been made before discovery responses were due); *see also In re Bustamante*, 510 S.W.3d at 736–37.

In *In re Mobile Mini*, the plaintiff's finger was injured at a construction site when a wind gust caused a trailer door to close on his hand. 596 S.W.3d at 783. Mobile Mini, Inc. ("Mobile Mini") owned the trailer and leased it to Nolana Self

---

[13] Parsafar asserted at the hearing that allowing the designation of Turner as a responsible third party would cause prejudice because "[he] could have, maybe, done something different on [his] end internally, work product wise, strategy wise." But Palms and Parawest confirmed that discovery had not yet commenced at the time they filed the motion for leave. Further, Parsafar never asserted in the trial court that Turner was not the perpetrator of the assault. Parsafar stated in his declaration attached to his sur-reply filed in the trial court that Palms and Parawest "ha[d] been aware of the alleged [perpetrator] they [were] . . . attempting to untimely disclose since the [assault] occurred. . . . [Palms and Parawest and their counsel] were well-informed regarding . . . Turner and his identity."

15

Storage, LLC ("Nolana"), which owned the construction site. *Id.* The trailer was under the exclusive control of Nolana's contractor, Anar Construction Specialists, LLC ("Anar"), when the plaintiff's injury occurred. *Id.* The plaintiff sued Anar and Mobile Mini nineteen days before the statute of limitations period ran, serving his request for disclosures with his original petition. *Id.* He did not sue Nolana. *Id.* Mobile Mini timely answered and served its discovery responses, which were due after the statute of limitations period ran, on the plaintiff. *Id.* The discovery responses identified Nolana as a potential responsible third party. *Id.* The plaintiff amended his petition to add Nolana as a defendant within a week of receiving the discovery responses. *Id.* The next day, Mobile Mini filed a motion for leave to designate Nolana as a responsible third party. *Id.* No party filed an objection to the motion for leave to designate Nolana as a responsible third party, which was not ruled on by the trial court for nearly two years. *Id.*

Meanwhile, the trial court found that the plaintiff's tort claims against Nolana were time-barred and granted summary judgment in favor of Nolana on the those claims. *Id.* Subsequently, the plaintiff and Nolana filed written objections to Mobile Mini's motion for leave to designate a responsible third party, asserting that Mobile Mini's designation was improper "because Nolana could not be a responsible party once the limitations period had expired." *Id.* After the trial court granted Nolana summary judgment on all claims against it, the trial court denied Mobile Mini's

16

request to designate Nolana as a responsible third party. *Id.*

Mobile Mini then filed a petition for writ of mandamus in the court of appeals, seeking to compel the trial court to grant its timely motion for leave to designate a responsible third party. The court of appeals denied Mobile Mini's request for mandamus relief but the Texas Supreme Court held that the trial court abused its discretion in denying the motion for leave and Mobile Mini had no adequate remedy by appeal. *Id.* at 783. In doing so, the court explained: "The crux of the dispute here is whether Mobile Mini's discovery response[s] disclosing Nolana as a potential[] responsible third party [were] 'timely' even though [they were] served after the statute of limitations ha[d] expired on [the plaintiff's] tort claims." *Id.* at 784. According to the supreme court, "Mobile Mini's disclosure [of a potential responsible third party] was timely because under the Texas Rules of Civil Procedure, it was not obligated to disclose [a] potential[] responsible third part[y] *until its discovery responses were due*." *Id.* (emphasis added). The court stated that "placing the onus on a defendant to respond before the Rules of Civil Procedure obligate it to do so not only contravenes [Texas Civil Practice and Remedies Code] section 33.004(d)'s express language but would also be unfairly prejudicial to defendants." *Id.* at 786. The supreme court's analysis of the language in section 33.004(d) in *In re Mobile Mini* is controlling here.

We note that Parsafar, in his response to Palms and Parawest's petition for

17

writ of mandamus, relies on *In re Melissa Dawson*, 550 S.W.3d 625 (Tex. 2018). In *In re Melissa Dawson*, the Texas Supreme Court held that the trial court abused its discretion in allowing a defendant to designate a responsible third party that was not adequately identified in the defendant's discovery responses. 550 S.W.3d at 629. But, in doing so, the supreme court disagreed that the defendant had put the plaintiff on notice that it might designate a responsible third party. *Id. In re Melissa Dawson* is inapposite here because the plaintiff in *In re Melissa Dawson* served her discovery requests on the defendant with her original petition and because *In re Melissa Dawson* does not address whether the identification of a responsible third party should or could be made in a defendant's original, or amended, answer.

## 2. Relevance of Joinder Deadline

In his response to Palms and Parawest's motion for leave to designate Turner as a responsible third party, Parsafar argued that Palms and Parawest's motion was procedurally deficient because it was filed three weeks after the joinder deadline identified in the trial court's docket control order. Palms and Parawest offered to agree to extend the joinder deadline, but Parsafar declined. None of the parties cited any authority in the trial court or in this Court that declares that a violation of a docket control order's joinder deadline is a violation of the Texas Rules of Civil Procedure that prevents a defendant from filing a motion for leave to designate a responsible third party.

18

Palms and Parawest assert in their petition for writ of mandamus that Texas Civil Practice and Remedies Code chapter 33 does not require a motion for leave to designate a responsible third party to be filed before a court-imposed joinder deadline. They cite two cases for the proposition that a trial court's docket control order cannot accelerate a statutory deadline. *See Spectrum Healthcare Res., Inc. v. McDaniel*, 306 S.W.3d 249, 254 (Tex. 2010) (agreed docket control order generally ineffective to extend statutory deadline for expert reports); *In re United Parcel Serv., Inc.*, No. 09-18-00002-CV, 2018 WL 753503, at *4 (Tex. App.—Beaumont Feb. 8, 2018, orig. proceeding) (trial court abused its discretion by issuing docket control order "requiring UPS and its driver to designate responsible third parties approximately six months before the initially scheduled trial, a period approximately three times the statutorily proscribed sixty-day period"). Parsafar does not provide opposing authority or address this argument in his mandamus response. Still yet, during the hearing on Palms and Parawest's motion for reconsideration of the trial court's ruling on their motion for leave, the trial court stated: "I don't want to talk about joinder. That's a red herring from both sides. You don't need to address it." Thus, Parsafar's joinder-deadline argument was not the basis for the trial court's decision to deny the motion for leave to designate Turner as a responsible third party.

### 3. Sufficiency of Factual Allegations in Motion for Leave

19

In addition to the temporal requirements for designating a responsible third party, pleading requirements can thwart a motion for leave. As set forth above, Palms's and Parawest's first amended answers both stated in pertinent part:

> [Palms/Parawest] designates . . . Turner or an unknown person as a responsible third party within the meaning of Texas Civil Practice & Remedies Code section 33.004(j). Upon information and belief, . . . Turner is the individual who committed the assault in question. Should it be proved that . . . Turner did not commit the assault in question, the [perpetrator], John Doe . . . , is unknown. . . . Turner or John Doe . . . committed the acts that caused the loss or injury that is the subject of this lawsuit. Pursuant to Texas Penal Code chapter 22, the alleged acts committed by . . . Turner or John Doe . . . are criminal.

Palms and Parawest's motion for leave to designate a Turner as a responsible third party stated:

> According to *Plaintiff's Original Petition*, on March 21, 2017, an individual assaulted him at [T]he Palms on Westheimer apartment complex located at 6425 Westheimer Road, Houston, Texas 77057 . . . . Upon information and belief, . . . Turner was the individual who allegedly assaulted [Parsafar]. To the extent that it is shown that . . . Turner was not involved in the incident in question, the individual who committed the crime in question is unknown. . . . Turner or an unknown criminal, John Doe . . . , is responsible for the criminal acts because he allegedly assaulted [Parsafar] causing bodily injury.

Parsafar asserted in the trial court that the first amended answers and the motion for leave that identified John Doe were not sufficient to satisfy the pleading requirements in the Texas Rules of Civil Procedure. But Parsafar did not urge this argument as to Turner.

20

Under Texas Civil Practice and Remedies Code section 33.004(g), an objection to a motion for leave to designate a responsible third party can only be effective if it is (1) timely filed and (2) the objection establishes that the defendant "did not plead sufficient facts concerning the alleged responsibility of the person to satisfy the pleading requirement of the Texas Rules of Civil Procedure." TEX. CIV. PRAC. & REM. CODE ANN. § 33.004(g)(1). Parsafar's objection was timely filed, but he did not argue that the motion for leave was insufficient as to Turner. Further, there is no indication in the record that the trial court found the motion for leave to designate Turner as a responsible third party insufficient to satisfy the Texas Rules of Civil Procedure's pleading requirement. And Parsafar does not attempt to make that argument in response to Palms and Parawest's petition for writ of mandamus.

We hold that the trial court abused his discretion in denying Palms and Parawest's motion for leave to designate Turner as a responsible third party.

**Adequate Remedy by Appeal**

The Texas Supreme Court has held that there is no adequate remedy by appeal for a trial court's improper refusal to allow the designation of a responsible third party. "Allowing a case to proceed to trial despite [the] erroneous denial of a responsible-third-party designation 'would skew the proceedings, potentially affect

21

the outcome of the litigation, and compromise the presentation of [the relators']
defense in ways unlikely to be apparent in the appellate record.'" *In re Coppola*,
535 S.W.3d at 509 (quoting *In re CVR Energy*, 500 S.W.3d at 81–82).[14] *In re
Coppola* was the first time that the Texas Supreme Court addressed the adequacy of
an appellate remedy in the context of a responsible-third-party designation, holding
that, "ordinarily, . . . relator[s] need only establish a trial court's abuse of discretion
to demonstrate entitlement to mandamus relief with regard to a trial court's denial
of a timely-filed section 33.004(a) motion" for leave to designate a responsible third
party. *Id.* at 509–10.

We hold that Palms and Parawest have no adequate remedy by appeal.

We sustain Palms and Parawest's first and second issues.

## Conclusion

We conditionally grant Palms and Parawest's petition for writ of mandamus
and direct respondent to vacate the order denying Palms and Parawest's motion for

---

[14]     This Court has previously held that a relator had an adequate remedy by appeal with
respect to a trial court's denial of a motion for leave to designate a responsible third
party. *See In re Unitec Elevator Servs. Co.*, 178 S.W.3d 53, 66 (Tex. App.—
Houston [1st Dist.] 2005, orig. proceeding). The Texas Supreme Court's decision
in *In re Coppola*, 535 S.W.3d 506 (Tex. 2017) did not address *In re Unitec Elevator
Services*, but in *In re CVR Energy*, a "complicated wrongful death case . . . with
multiple plaintiffs, multiple defendant parent and subsidiary companies, and
multiple allegations of tortious conduct by the various companies," this Court
distinguished *In re Unitec Elevator Services*, a "relatively straightforward personal
injury case." *In re CVR Energy*, 500 S.W.3d at 82–83.

22

leave to designate Turner as a responsible third party. A writ of mandamus from this Court will issue only if respondent does not comply.


                                        Julie Countiss
                                        Justice

Panel consists of Justices Keyes, Hightower, and Countiss.